IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTA, et al.,<br><br>Defendants. | CV 16-00012-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court is Plaintiff Jory Strizich's Amended Complaint (Doc. 11) and Second Amended Complaint (Doc. 12). Pursuant to 28 U.S.C. §§ 1915, 1915A this Court previously screened Mr. Strizich's original Complaint (Doc. 2) and determined that Mr. Strizich's allegations that Defendants Reich, Hess, and Napier failed to protect him from an assault by another inmate in June 2013 were sufficient to state a claim for relief but his remaining allegations were insufficient to state a claim for relief. (Doc. 8.) Mr. Strizich was given the option to proceed with his claim regarding the June 20, 2013 incident or to file an amended complaint to attempt to correct the deficiencies with the remainder of his claims. Mr. Strizich filed two amended complaints. (Docs. 11, 12.) Those complaints were very similar to the original complaint. Having considered the amended complaints, the Court has determined that for the reasons set forth in the

1

original screening order (Doc. 8), Mr. Strizich's allegations that Defendants Reich, Hess, and Napier failed to protect him from an assault by another inmate in June 2013 are sufficient to state a claim for relief and these Defendants will be required to file a response to that claim.  For the reasons set forth in the original screening order (Doc. 8), Mr. Strizich's remaining allegations are insufficient to state a claim for relief and should be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Defendants Reich, Hess, and Napier must respond to Mr. Strizich's federal and state law claims that they failed to protect him from an assault by another inmate in June 2013.[1]  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Reich, Hess, and Napier to waive service of summons of Mr. Strizich's Second Amended Complaint (Doc. 12) by executing, or having counsel execute, the Waiver of Service of Summons.  The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the**

---

[1] Defendants are not required to respond to Mr. Strizich's remaining claims which are recommended for dismissal herein.  Defendants Leroy Kirkegard, Mike Batista, Leonard Mihelich, Thomas Wood, Myron Beeson, Tom Wilson, Dan Hess, Lorna Kuchinsky, Billie Reich, Kristy Cobban, Roxanne Wigert, Sam Jovanovich, Paul Lucier, Robert Shaw, Sam Casey, Irl Lambertson, Chris Connell, Vera Hoscheid, Captain McNiel, and all John Does, are not required to file a responsive pleading as they are recommended for dismissal.

**Notice of Electronic Filing**. If Defendants Reich, Hess, and Napier choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);
* Order dated April 25, 2016 (Doc. 8);
* Amended Complaint (Doc. 11);
* Second Amended Complaint (Doc. 12);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

letter form.

4. Mr. Strizich <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Strizich must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. All claims except Mr. Strizich's federal and state law claims against Defendants Reich, Hess, and Napier regarding the June 20, 2013 incident should be DISMISSED WITH PREJUDICE.

2. Defendants Leroy Kirkegard, Mike Batista, Leonard Mihelich, Thomas Wood, Myron Beeson, Tom Wilson, Dan Hess, Lorna Kuchinsky, Billie Reich, Kristy Cobban, Roxanne Wigert, Sam Jovanovich, Paul Lucier, Robert Shaw, Sam Casey, Irl Lambertson, Chris Connell, Vera Hoscheid, Captain McNiel, and all John Does should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Strizich may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of May 2017.

/s/ John Johnston
John Johnston
United States Magistrate

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MIKE BATISTA, et al.,<br><br>　　　　Defendants. | CV 16-00012-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO:　Legal Counsel for the Montana
　　　Department of Corrections
　　　P.O. Box 201301
　　　Helena, MT 59620-1301

　　　A lawsuit has been filed against individuals you may represent in this Court under the number shown above.  A copy of the Second Amended Complaint (Doc. 12) is attached.

　　　This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

　　　If you file the signed waiver, the action will then proceed as if Defendants

1

Reich, Hess, and Napier were served on the date the waiver is filed, but no summons will be served on Defendants Reich, Hess, and Napier and Defendants Reich, Hess, and Napier will have 60 days from the date this notice is sent (see the date below) to answer the Second Amended Complaint (Doc. 12).

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Second Amended Complaint (Doc. 12) on Defendants Reich, Hess, and Napier and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 12th day of May, 2017.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**
Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MIKE BATISTA, et al.,<br><br>　　　　　Defendants. | CV 16-00012-H-DLC-JTJ<br><br>Rule 4 Waiver of Service of Summons |

TO:　The U.S. District Court for the District of Montana

　　The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Second Amended Complaint (Doc. 12).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Second Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

　　The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)