IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTA, et al.,<br><br>Defendants. | CV 16-00012-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court are Plaintiff Jory Strizich's claims that Defendants Reich, Hess, and Napier failed to protect him from an assault by another inmate in June 2013. Defendants have filed a motion for summary judgment arguing that Mr. Strizich failed to exhaust his administrative remedies with regard to these issues. (Doc. 29.) Mr. Strizich has also filed a motion for leave to file a third amended complaint (Doc. 47) and a motion for leave to file a supplemental complaint (Doc. 48).

The Court finds that Mr. Strizich failed to exhaust his administrative remedies regarding the June 20, 2013 incident and as such Defendants' motion should be granted and this matter dismissed. Nothing set forth in Mr. Strizich's proposed amended complaints cure this defect and therefore the motions to amend should be denied.

## I. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

By notice provided on October 31, 2017 (Doc. 34), Mr. Strizich was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II. FACTS

At all times relevant to this case, Mr. Strizich was an inmate at the Montana State Prison ("MSP"). (Statement of Undisputed Facts, Doc. 35 ("SUF") at 1.) Mr. Strizich was assaulted by a Southerner gang member on June 20, 2013. He claims Defendants had information that the Southerners were going to assault him

but failed to protect him from that assault. (SUF at 2, Complaint Doc. 2.)

MSP has an "Inmate Grievance Program" that allows inmates to raise issues regarding, among other things, staff conduct. (SUF at 3.) As part of Orientation, the inmate is instructed on the Inmate Grievance Program, including the process and procedures. (SUF at 4.) Mr. Strizich completed PREA orientation on April 26, 2013. He was apprised of the Inmate Grievance Program procedures at that time. (SUF at 5.)

The Inmate Grievance Program process consists of four steps: an informal resolution form, an inmate grievance form, an appeal to the warden/administrator and an appeal to the Director of the Department of Corrections. All steps of the MSP Grievance Process must be completed for remedies to be exhausted. (SUF at 6.) The Inmate Grievance Program provides that "[i]f an inmate's action requested is granted, he will not be allowed to appeal the decision, and it is understood he has exhausted all administrative remedies." (SUF at 7.) The Inmate Grievance Program requires that inmates must first present grievances (except emergency grievances) on an "Inmate/Offender Informal Resolution Form" to the inmate's unit manager within five working days of the action or omission that caused the complaint. (SUF at 8.)

Mr. Strizich has filed multiple grievances on various issues both before and

after the June 20, 2013 incident. Mr. Strizich has properly exhausted many of those grievances and has obtained relief from some of his grievances. (SUF at 9, 10; SDF at 10.)

On April 9, 2014, nearly a year after the incident at issue, Mr. Strizich filed an inmate/offender informal resolution form alleging:

> MSP officials for years have been following the practice and procedure of housing validated rival gang members together creating and knowing the substantial risk of bodily injury, serious bodily injury, or death. This has resulted in rival gang fights, assaults, brawls, etc., including stabbings. On 6-20-13 MSP officials knew I was going to be assaulted by the rival gang sureños, and did nothing to prevent the assault, but rather waited purposefully to see what happened. For at least 3 days officials knew! Then on 6-20-13 at the chow hall a rival sureño assaulted me. This is deliberate indifference.

(SUF at 11; Doc. 36-3.) The action requested was: "Investigation. Stop the practice of housing rival STG members together & quit being deliberately indifferent to inmate safety." (Doc. 36-3.) The unit manager denied the informal resolution request stating, "You are past the time limits to submit an informal grievance on something that you claim happened on 6/20/13." (SUF at 12, Doc. 36-2.)

On April 15, 2014, Mr. Strizich filed a formal grievance request stating:

> Response is incorrect. I am not grieving the 6-20-14 (sic) incident per se (which did happen + is documented) but the prison's practice + procedure "of housing validated rival gang members together. . . ."

> The 6-20-14 (sic) is but merely one of many examples. This issue is grievable.

(SUF at 13, Doc. 36-4.) The grievance coordinator denied the grievance, stating:

> The classification system accounts for several safety issues or concerns. The current practice/system adequately meets safety needs as it allows for inmates to interact with staff to make safety issues known. Grievance is denied as there is no evidence of indifference.

(SUF at 14, Doc. 36-4 at 4.) On May 15, 2014, Mr. Strizich appealed the grievance to the Warden. The Warden denied the appeal. (SUF at 15.)

On May 24, 2014, Mr. Strizich appealed the grievance to the Director of the Department of Corrections stating:

> You have all been housing validated rival gang members together for years. Continually, as a result of you doing this over the years, I/Ms including myself have been in fights, assaulted, lived in fear every day of the unknown, etc. In a lot of instances you have known things were going to happen and were deliberately indifferent to others safety or security and they were hurt. Including making statements to other I/Ms about the other I/Ms that created hostility + violence.

(SUF at 16.) A response dated May 29, 2014 stated:

> The director has reviewed your grievance. He will grant the Investigation but denying separate housing for rival gang members. If you have concerns, you are encouraged to talk with a case manager.

(Doc. 36-4 at 2.)

Between June 20, 2013, and April 9, 2014, Mr. Strizich filed 11 grievances with the prison over various matters. (SUF at 18.) The only other grievance

which referred to Mr. Strizich being assaulted was a July 18, 2013 informal resolution request and Grievance No. 4618. The informal resolution request stated:

> On the above-date at 1600 hrs, Sgt. Alan served me my reclass which UMT recommends placement back in HSU-1. Sgt. Alan told me: "You'll be going to the same block and unit as before, and you'll live with sureños. The sureños are going to attack you again, you do know that don't you? You chose this life now you have to deal with it." I/Ms Walsh and Baker also witnessed this.
>
> I did not know I was going to be assaulted again. Apparently HSU-1 UMT knows things I don't, but is trying to set me up for failure! I don't know what to think about this?!

(SUF at 19, Doc. 36-6 at 2.) This informal was granted but the investigation revealed that Sgt. Allen did not speak with Mr. Strizich regarding his placement or STG involvement on July 18, 2013 at 1600 hrs. (Doc. 36-6 at 2; SUF at 20.) Mr. Strizich then filed a formal grievance stating:

> Please see informal dated: 7-18-13. My allegations and assertion of the facts stand the same. Informal action was granted, however response in contradiction. Note: I mistakenly named Sgt. Allen, but it was Sgt. Postmon who served me my reclass and made those statements to me. Harmless error.
>
> A proper investigation (i.e., questioning Sgt. Postmon, I/Ms L. Baker and Wals, review of the cameras, etc) would substantiate and support what I'm saying. Clearly from UM Jovanovich's response, he did not make full effort to investigate this very serious matter.

(Doc. 36-6 at 1.) The action requested was a full investigation. Warden

Kirkegard denied the grievance on August 6, 2013 stating: "Denied. Incident was reviewed. No investigation necessary." (Doc. 36-6 at 1; SUF at 21.) Mr. Strizich did not appeal this grievance to the Warden or the DOC Director. (SUF at 22.)

## III. ANALYSIS

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

The exhaustion requirement "requires compliance with both procedural and substantive requirements set forth by prison grievance processes in order to ensure

that the prison receives the 'opportunity to correct its own mistakes . . . before it is haled into federal court.' " *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (*quoting Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). A grievance will suffice "if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010); *see Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010). "The grievance 'need not include legal terminology or legal theories,' because 'the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.' " *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (*quoting Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)).

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly

prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

Mr. Strizich did not timely file any grievances regarding the June 20, 2013 incident at issue. On July 18, 2013, nearly a month after the incident at issue, Mr. Strizich submitted a grievance regarding alleged statements made by a correctional officer suggesting that Mr. Strizich would be assaulted again when placed back in the high security units. This grievance raised an entirely different incident and as such did not alert prison officials of an alleged wrong arising from the June 20, 2013 assault. Regardless of whether or not this grievance was granted (as argued by Mr. Strizich), it did not raise the issue in this case regarding whether Defendants knew about and failed to prevent the assault on June 20, 2013. The Court finds that the July 18, 2013 grievance did not constitute proper exhaustion of the issues raised in this lawsuit.

On April 9, 2014, Mr. Strizich did submit an informal resolution form which specifically raised the issue of Defendants' alleged knowledge of and failure to protect Mr. Strizich from the June 20, 2013 assault but that grievance was dated April 9, 2014, nearly a year after the assault. Prison officials denied the April 9, 2014 informal resolution form as untimely. (Doc. 36-3.) Mr. Strizich then filed a formal grievance stating: "I am not grieving the 6-20-14 [sic] incident per se

(which did happen & is documented) but the prison's practice and procedure "of housing validated rival gang members together. . . ." (Doc. 36-4 at 4.) As such, Mr. Strizich admitted he was not grieving the June 20, 2013 assault.

Mr. Strizich argues that despite his written statements in the formal grievance, he verbally told GC Reich that he was grieving both the June 20, 2013 incident and the prison's practice of housing rival gang members together because the issues were closely related. (Strizich Affidavit, Doc. 43-2 at ¶ 76.) According to Mr. Strizich, GC Reich indicated that she understood but when he asked if his grievance would be allowed to go through GC Reich "replied that she could not give [Strizich] an answer or participate in any capacity in making that decision because the part of my informal resolution and formal grievance about the 6-20-18 incident concerned her." (Strizich Affidavit, Doc. 43-2 at ¶ 81.) Reich told Strizich that she would forward the formal grievance to GF Cobban to consider and decide. (Strizich Affidavit, Doc. 43-2 at ¶ 82.) This conversation was insufficient to exhaust the June 20, 2013 incident when Mr. Strizich admitted in writing that he was not grieving the June 20, 2013 incident.

Mr. Strizich did not timely grieve Defendants' alleged failure to protect him on June 20, 2013 by filing a grievance in April 2014 regarding housing rival gangs together. The April 9, 2014 does not constitute proper exhaustion of the issues

raised in this lawsuit. The only issues considered with regard to the April 9, 2014 grievance was the prison's policy of housing rival gang members together. The prison did not consider Mr. Strizich's failure to protect allegations regarding the June 20, 2013 incident. Although he argues he continually referred to his informal, he is bond by his April 15, 2014 written statement that he was not grieving the June 20, 2014 incident.

Accordingly, the Court finds that Mr. Strizich did not properly exhaust his administrative remedies and Defendants' motion for summary judgment should be granted. In light of this finding, the motion to amend should be denied as moot giving the recommendation to deny all claims raised therein for failure to exhaust administrative remedies. The filing of the third amended complaint would be futile in light of the recommendation to dismiss this matter for failure to exhaust administrative remedies.

Mr. Strizich's Motion to Supplement seeks to add issues to this lawsuit which occurred in 2018 and are not at all related to the June 20, 2013 incident. Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, numerous claims against an opposing party. However, Mr. Strizich may not bring unrelated claims against unrelated parties in

a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

Mr. Strizich seeks to raise retaliation claims arising nearly five years after the original incident at issue against ten new defendants unrelated to the original allegations. Mr. Strizich may raise these claims in a new action but not in the current action which is being recommended for dismissal

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. Defendant's Motion for Summary Judgment (Doc. 32) should be GRANTED and this matter DISMISSED. The Clerk of Court should be directed to all close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. Mr. Strizich's Motion for Leave to File Third Amended Complaint (Doc. 47) should be DENIED.

3. Mr. Strizich's Motion for Leave to File Supplemental Complaint (Doc. 48) should be DENIED.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of July, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Strizich is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.