FILED

OCT 23 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE BATISTA, et al., <br><br> Defendants. | CV 16–12–M–H–JTJ <br><br> ORDER |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this case on July 31, 2018, recommending that the Court: (1) grant the Defendants' Motion for Summary Judgment (Doc. 32) and dismiss this matter; (2) deny Plaintiff Jory Strizich's Motion for Leave to File Third Amended Complaint (Doc. 47); (3) deny Strizich's Motion for Leave to File Supplemental Complaint; and (4) direct the Clerk of Court to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A). Strizich timely filed objections. (Doc. 56.) Consequently, Strizich is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings

-1-

and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

This matter arises from a June 20, 2013 assault on Strizich by another inmate at Montana State Prison in Deer Lodge, Montana. Strizich seeks damages and injunctive relief from the Defendants, prison officials, for their failure to prevent the assault, which Strizich claims to have been caused by the prison's policy of not segregating members of rival gangs. Judge Johnston found that Strizich failed to exhaust his administrative remedies and that Strizich's amended complaints cannot cure the defect. Strizich objects, contending that he did in fact fully exhaust his administrative remedies.

Reviewing de novo, the Court concludes that Judge Johnston correctly read the administrative record and interpreted the law. Consistent with the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To the extent that Strizich's April 14, 2014 grievance arose from the assault, it was filed well after the applicable deadline, and

prison officials did not violate a protected right by denying the grievance on this basis. *See Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Accordingly, Strizich cannot now seek remedy for his assault-related damages in this Court.

In his objections, Strizich contends that he is nonetheless entitled to relief because his April 14, 2014 grievance arose from the prison's general policy of housing rival gang members together rather than from the 2013 assault. (Doc. 56 at 9–17.) However, this contention, if true, does not cure the defect correctly identified by Judge Johnston. Because this matter arises from the 2013 assault, the relevant issue is whether Strizich exhausted his administrative remedies as to that incident. Thus, Judge Johnston appropriately recommended granting the Defendants' motion for summary judgment. Similarly, because the allegations in Strizich's proposed third amended complaint also arise from the 2013 assault, the Court will deny Strizich's motion for leave to file it.

Nor will the Court grant Strizich's motion for leave to file a supplemental complaint. First, because the Court grants the Defendants' motion for summary judgment and denies Strizich's motion to file a third amended complaint, there is nothing left to supplement. Additionally, Strizich does not seek to add to his original claim but rather "to introduce a separate, distinct and new cause of action."

*Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Finally, the Court finds that any appeal would "not [be] taken in good faith" and that Strizich therefore may not "proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3)(A). Strizich's claims are barred by the Prison Litigation Reform Act, and he is unable to cure that defect. Any appeal would be frivolous.

Reviewing the remaining portions of Judge Johnston's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

(1) Judge Johnston's Findings and Recommendations (Doc. 50) are ADOPTED;

(2) The Defendants' Motion for Summary Judgment (Doc. 32) is GRANTED, and this matter is DISMISSED;

(3) Strizich's Motion for Leave to File Third Amended Complaint (Doc. 47) is DENIED;

(4) Strizich's Motion for Leave to File Supplemental Complaint (Doc. 48) is DENIED;

(5) The Defendants' Motion to Strike Response to Motion (Doc. 58) is

DENIED as moot; and

(6) The Clerk of Court shall have the docket reflect that the Court certifies

pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any

appeal of this decision would not be taken in good faith.

DATED this 23rd day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court