IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE BATISTA, et al., <br><br> Defendants. | CV 16–12–M–H–JTJ <br><br> ORDER |

Before the Court is Plaintiff Jory Strizich's Motion to Alter or Amend Findings and Judgment. (Docs. 66 & 69-1.) Strizich asks the Court to reconsider its Order of October 23, 2018, in which the Court granted the Defendants' motion for summary judgment. Strizich has also filed a notice of appeal to the Ninth Circuit.

Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final judgment for various reasons, including "any . . . reason that justifies relief." Strizich argues that relief is justified because: (1) the Court misunderstood the facts and misconstrued Strizich's arguments; (2) the Court ignored Strizich's objection to consideration of the prison's 2014 grievance policies; (3) the Court failed to consider new evidence offered in a supplemental response to the motion

-1-

for summary judgment filed after Strizich received the Findings and Recommendation; and (4) the Court erred by failing to give Strizich the opportunity to object to consideration of the prison's 2013 grievance policies. The Court disagrees that any error of mistake or law justifies reconsideration.

First, the Court understood and rejected Strizich's argument that he exhausted administrative remedies. As Judge Johnston explained in the Findings and Recommendations, and as this Court agreed in its Order, Strizich cannot bring a claim in federal court arising from an assault if Strizich did not first exhaust administrative remedies *as to that same assault.* Strizich's argument that he exhausted remedies as to a separate allegation is not relevant to the Court's decision on this issue. Here, there is no "mistake" as to the facts or law, and no "other reason . . . justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

Second, Strizich is not entitled to relief on the grounds that the Court erroneously relied on the 2014 grievance policies. Strizich has not alleged that he could not exhaust administrative procedures because such procedures were not available to him in 2013. Nor did the magistrate judge or the undersigned rely on the policies in reaching a decision. Thus, if there is any disparity between the 2013 and 2014 policies, there is no reason to believe that such disparity would be

meaningful. What is more, Strizich has also objected to consideration of the 2013 grievance policies.

Third, assuming that it should consider new evidence and arguments presented in opposition to summary judgment well after the briefing period is complete, the Court finds the evidence and arguments irrelevant. Because Strizich's failure to grieve the June 20, 2013 assault is determinative, it does not matter if Strizich was able to grieve the prison's classification determination.

Fourth and finally, the Court is not convinced that mistake or injustice resulted from failing to afford Strizich the opportunity to object to consideration of the 2013 grievance policies. Strizich appears to be arguing that the Court should be barred from considering the existence of any grievance policies. In the absence of any argument—let alone evidence—that the assault-related grievance was not procedurally defaulted, the Court will not reconsider its ruling on this basis.

Accordingly, IT IS ORDERED that the motion (Doc. 66) is DENIED. The Court will not consider any additional filings that do not relate directly to Strizich's ability to appeal from the final judgment in this matter.

DATED this 20th day of December, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court